IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHILIP J. GADZINSKI,

Plaintiff,

v.                                                                    ORDER

DOUG BELLILE, MITCH LENSKI, and                                       19-cv-339-jdp
ALICIA BOEHME,

Defendants.[1]

Pro se plaintiff Philip J. Gadzinski is a patient civilly committed at Sand Ridge Secure Treatment Center, located in Mauston, Wisconsin. He is proceeding on First Amendment media-access claims against Sand Ridge officials who refused to allow him to purchase his own video game system, as well as a First Amendment retaliation claim against an official who he says punished him for his video game-related advocacy. Gadzinski has filed two motions: a motion to compel discovery, Dkt. 16; and a motion to amend the complaint, Dkt. 21. For the reasons explained below, I will deny both motions.

A.  Motion to compel

Gadzinski asks me to compel defendants to provide more complete responses to four of his discovery requests. Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure and discovery in an effort to obtain it without court action." Gadzinski includes no such certification in his motion, and counsel for defendants indicate that Gadzinski didn't confer with them beforehand.

---

[1] I have amended the caption to correct the spelling of defendant Mitch Lenski's name.

Gadzinski says that he narrowed the scope of the information sought in subsequent discovery requests, and he asks me to construe that as an attempt to confer with defendants. He also notes that he sent defendants a settlement proposal that they have yet to respond to, which he says shows their unwillingness to confer. But sending additional, narrowed requests is not the same as conferring or attempting to confer, and failing to respond to a settlement proposal says nothing about a party's willingness to confer about discovery issues. Gadzinski's failure to comply with Rule 37(a)(1) is reason enough to deny his motion.

But even if Gadzinski had conferred with defendants, I would deny his motion to compel because he hasn't shown that he is entitled to the four discovery responses he seeks.

Gadzinski first asks me to compel defendants to produce "[a]ll emails, memos, and other documents used by the Department of Health Services and/or Sand Ridge Treatment Center relating to any active, inactive, or completed investigations involving [Gadzinski] generated between 01/01/2019 and the current date." Dkt. 16, at 1. Defendants objected to this request as vague, irrelevant to the issues in the case, and unlikely to lead to the discovery of admissible evidence, but they did confirm that Gadzinski "has not been investigated for any issues related to this lawsuit." *Id.* In his motion to compel, Gadzinski argues that information about investigations not directly related to this lawsuit could "show further acts of retaliation." *Id.* But I granted Gadzinski leave to proceed on a single claim of retaliation based on defendant Lenski's act of imposing restrictions on Gadzinski's ability to order property. I did not grant him leave to proceed on claims about further acts of retaliation, nor did he allege that there were further acts, so that information is not relevant and thus not discoverable. *See* Fed. R. Civ. P. 26(b)(1).

Second, Gadzinski asks me to order defendant Doug Bellile to supplement his response to an interrogatory about which staff members decide whether videos are considered counter-therapeutic. Defendants initially responded that no one makes such determinations about video games because video games are not allowed. In his motion to compel, Gadzinski clarified that he was asking about videos in general rather than video games. Defendants then provided a supplemental answer. *See* Dkt. 19, ¶ 6. Gadzinski appears satisfied with this response, *see* Dkt. 20, at 2, so that request is moot.

Third, Gadzinski asks me to order Bellile to supplement his response to a request for admission that asks Bellile to admit that policy language quoted by Gadzinski is in fact the institution's policy. Bellile objected to this request for admission on the grounds that it "calls for speculation," but he went on to confirm that the paragraph accurately "quotes a portion of [Sand Ridge's] policy related to video games." Dkt. 16, at 2. Gadzinski says that the "Director of the institution and author of the policy should not need to speculate to answer the question." *Id.* Gadzinski is right that no speculation was necessary to respond to the request for admission. But Bellile also admitted the request. Gadzinski doesn't explain how Bellile's comment about speculation prejudiced him, given that Bellile also provided a substantive response.

Fourth, Gadzinski asks me to compel defendants to produce "[a]ll emails and other documents filed by [Sand Ridge] Staff . . . regarding all mail received between 01/01/2019 until current date for . . . Gadzinski [that] was denied by the institution staff." *Id.* Defendants objected that this request sought documents from non-parties and noted that they had already given Gadzinski responsive emails in their possession. Gadzinski doesn't explain why those documents aren't adequate to respond to his request. Nonetheless, in their opposition to the motion, defendants indicate that they have provided Gadzinski with a supplemental

3

production consisting of all the notices of non-delivery of mail and property receipt/disposition forms for the items Gadzinski received but was denied during the relevant timeframe. Dkt. 17, at 5. Gadzinski reiterates his assertion that defendants' production is inadequate in his reply brief, Dkt. 20, at 3, but he doesn't explain why he is dissatisfied with the materials he has received. So he's not entitled to relief on that request either.

## B.  Motion to amend

Gadzinski moves to amend his complaint to add First Amendment media-access claims against seven additional defendants. Dkt. 20. In his proposed amended complaint, he alleges that these defendants violated his First Amendment rights by denying him access to the television series "Wolverine and X-Men: The Complete Series" and a DVD called "Great Sex Getaway." Dkt. 21, at 6. At this stage of the litigation, unless Gadzinski has defendants' consent to amend his complaint (which he does not), he may only do so by leave of court. Fed. R. Civ. P. 15(a)(2). I should "freely give leave when justice so requires." *Id.* But I may decline to grant leave if, for example, Gadzinski has engaged in undue delay or if amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Gadzinski waited until less than two months before the dispositive motions deadline to seek leave to amend. Permitting him to amend the complaint now would expand the scope of the case significantly and prejudice defendants, who have been proceeding for the past nine months under the assumption that this case was about video games only. Even if Gadzinski had sought leave to amend his complaint earlier, I would deny his motion because Federal Rule of Civil Procedure 20(a)(2)(A) allows multiple defendants to be joined in a lawsuit only if the plaintiff asserts at least one claim against each defendant that "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences." Gadzinski seeks to add claims

4

against a different set of defendants for decisions they made about Gadzinski's access to media other than video games. They do not arise out of the same series of transactions or occurrences as the claims on which Gadzinski is currently proceeding. So I will deny this motion as well.

ORDER

IT IS ORDERED that:

1.  Plaintiff Philip J. Gadzinski's motion to compel, Dkt. 16, is DENIED.

2.  Plaintiff's motion to amend his complaint, Dkt. 21, is DENIED.

Entered August 13, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge